Robinson, J.
The court of appeals reversed the judgment of the court of common pleas upon the following grounds:
1. That the statutes of Ohio do not authorize the adoption of a plan of elimination of grade crossings which requires the lateral diversion of railroad tracks.
2. That the statutes of Ohio do not authorize the extension of Arthur street as a part of the *228 grade crossing elimination plan in Columbus avenue.
3. That the judgment of the court of common pleas should be stayed during the period of federal control of railroads.
The important question in this case is whether by the statutes of Ohio, in an adversary proceeding, the municipality is authorized to present and the court is empowered to adopt a plan of grade crossing elimination which requires the lateral diversion of a railroad track.
Section 8863, General Code, and the sections immediately following, provide in substance that where the council of a municipal corporation, and the directors of the railroad, are of the opinion that the security and convenience of the public require alteration in such crossing, or the approaches thereto, or in the location of the railroad, or • the public ways, so as to avoid a crossing at grade, the council of the municipality and the directors of the railroad company may agree upon a plan which either diverts the railroad or the street laterally, and the procedure is provided for accomplishing the purpose.
Section 8874, General Code, and the sections immediately following, provide for the abolition of the grade crossing where the municipality and the railroad company are unable to agree upon the plan of elimination, or where the railroad company is unwilling to join in the improvement, and while counsel have seen fit to divide the provisions of the code for elimination of grade crossings into “voluntary” and “adversary” classifications, and while *229 Section 8863, General Code, and the sections there immediately following, apply only to voluntary eliminations, and Section 8874, and the sections there immediately following, apply only to adversary proceedings, yet the whole is one scheme of legislation having for its purpose the elimination of grade crossings where the security and convenience of the public require such elimination; and, logically, provision is made for the interested parties to first attempt to agree upon a plan. In the so-called voluntary sections, although it would seem unnecessary in. so far as they authorize a railroad company, the express provision is made that the railroad company may agree to divert its tracks laterally and the municipality may agree to divert its streets laterally, and, since such diversion may be made either of the tracks or the streets* it is manifestly lawful for the council to make proposals and present plans to the railroad company for a lateral diversion of the railroad and for the railroad company to make proposals and present plans for the lateral diversion of the streets; and, while the adversary sections contain no express provision for the municipality presenting plans for the lateral diversion of railroads, and Section 8875 does make such provision with reference to streets, the express provision for lateral diversion of streets would seem to be rather for the purpose of enlarging the power of the municipality with reference to its streets than for the purpose of limiting its power over the location of the tracks of the railroad company, for when the legislature came to consider the question of limitations upon the power *230 of the municipality over the lpcation of the tracks of the railroad company it confined its limitations (Section 8876) to “the established maximum or ruling grade governing the operations by engines of that division or part of the railroad on which the improvement is to be made, * * * nor shall the railroad company’s tracks or such highway, street or way, be required to be placed below high water mark.”
Section 8877 provides in substance that if a railroad company refuses or fails to cooperate in the preparation of plans, and fails to agree upon the plans for such improvement, then either the railroad company or the municipal corporation may submit the matter of determining the method by which the improvement shall be made to the court of common pleas, and Section 8879 provides that “Upon the filing of such petition, accompanied by plans, the railroad company or municipality opposed to the prayer thereof, or directly interested therein, shall have the right * * * to file an answer to such petition and to present other plans for the abolition of such crossing or crossings.”
It is conceded in this case that the plans presented by the municipality provided for a lateral diversion of the railroad tracks of The Baltimore & Ohio Railroad Company, and it is contended that the statutes of Ohio do not authorize the municipality to present plans in an adversary proceeding which include a lateral diversion of the railroad tracks, and a reading of Sections 8874 and 8875, without reference to the other sections of the code pertaining to the elimination of grade crossings, *231 would seem to justify that contention. But the code does expressly provide in Section 8863 for the diversion of the railroad tracks in a voluntary proceeding, and it does expressly provide in Section 8879, in an adversary proceeding, for the diversion, by order of the court, of the railroad tracks in the following language: “After examination of all plans presented to it and after hearing the evidence, the court shall make a finding as to whether or not the security and convenience of the public require that alterations be made in the crossing or crossings or in the approaches thereto, or in the location of the railroad or railroads or the public way, or any grades thereof, so as to avoid a crossing at common grade, * * * and whether such plans or any of them are reasonable and practicable.” And since the whole legislation upon the subject of the elimination of railroad crossings at grade is one scheme of legislation looking to the accomplishment of one purpose, to-wit, the security and convenience of the public, and since it is the duty of the court, when possible, to so construe the statute as to accomplish the purpose for which it was enacted, and since it is conceded that the security and convenience of the public require the elimination of the grade crossing on Columbus avenue and that such elimination is impracticable without a lateral diversion of either the tracks of one of the railroads or the street, and since the authority is expressly given to the municipality and the railroad company in the so-called voluntary statutes, and expressly given to the court in the adversary statute, we are unwilling to hold that in authorizing the *232 municipality to require the raising or lowering of the' railroad track the legislature intended to withhold from it the privilege of proposing by its petition and plan filed in court the plan which in the judgment of its council seemed the most feasible, but rather from the whole context of the legislation upon the subject are disposed to hold that it was the manifest intention of the legislature to authorize the raising or lowering of the railroad tracks in such manner as would best accomplish the purpose, having due regard for the rights of the public, the municipality and the railroad company. And since no power is conferred upon the municipality to enforce the raising or lowering of the railroad tracks, either vertically or laterally, or both, without the consent of the railroad company to the plans, except by a proceeding in court, and then only when the court shall find that the security and convenience of the public require such raising and lowering and that the plan adopted is reasonable and practicable, we can find no logical reason for concluding that the legislature meant to restrict the municipality from petitioning the court for that which it authorizes the court to order upon the failure of the municipality and the railroad to agree.
We do not express a preference for the' plan proposed by the municipality, the selection of the plan being a matter for the determination of the trial court and review by the court of appeals. We are of opinion that the court has power, where it finds the security and convenience of the public require it, to adopt the plan which in its judgment *233 is the most feasible, having due regard for the rights of the public, the municipality and the railroad company, regardless of whether the plan adopted is the plan originally proposed by the municipality or a modification of that plan and first proposed in the court proceedings, and, when it finds the plan for the diversion of the railroad tracks laterally is reasonable and practicable, to adopt such plan and order its execution. We find such interpretation in no way conflicts with the constitution either of the state or nation.
Upon the second proposition, to-wit, the extension of Arthur street from its westerly terminus through The Baltimore & Ohio Railroad Company’s yards and over its tracks at grade, as part of the elimination of grade crossing proceedings, we hold with the court of appeals; for the reason that it is conceded that Arthur street as now existing is a cul de sac and has no connection with Columbus avenue, and, therefore, no connection with the grade crossing sought to be eliminated. Before the city can include Arthur street in a proceeding for the elimination of a grade crossing at Columbus avenue it must connect Arthur street with Columbus avenue, and by appropriate legislation and proceedings acquire the right to cross the lands and the tracks of The Baltimore & Ohio Railroad Company, and before it can cross same at grade it must comply with Sections 8898-and 8899, General Code.
Since the federal control of railroads has re- , cently been terminated by the federal government, the third ground of reversal is in this case a moot question, and, since counsel for both plaintiff in *234 error and defendants in error agree that the refusal of the common pleas court to stay the proceedings pending the termination of ‘federal control was probably error, this court is disposed to accept their conclusion in that respect and not pass upon that proposition in this case.
The judgment of the court of appeals is reversed as to the first proposition, to-wit, that the statutes of Ohio do not authorize the adoption of a plan of elimination of grade crossings which requires in addition to the raising of the railroad tracks their lateral diversion, and is affirmed as to the second and third grounds of reversal.
The cause is remanded to the court of common pleas for further proceedings according to law*

Judgment accordingly.

Jones, Matthias, Johnson, Wanamaker and Merrell, JJ., concur.
Nichols, C. J., not participating.